# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2903

_____

GLP, as next friend to S.G., a Minor,    \*
    \*
           Appellant,    \*
    \*
      v.    \*
    \*
Barry Lynn Nutt, Individually and in    \*
his Official Capacity as a Miller    \*
County Juvenile Detention Center    \*    Appeal from the United States
Supervising Guard,    \*    District Court for the
    \*    Western District of Arkansas.
           Defendant,    \*
    \*    [UNPUBLISHED]
Helen Andrews, Individually and in her  \*
Official Capacity as Miller County    \*
Juvenile Detention Center    \*
Administrator; Hubert Easley,    \*
Individually and in his Official    \*
Capacity as Miller County Judge,    \*
    \*
           Appellees.    \*

_____

Submitted: July 27, 2006
Filed: August 4, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

GLP, as next friend to S.G., a minor, appeals the district court's[1] adverse grant of summary judgment, and its denial of her motion for reconsideration, in her 42 U.S.C. § 1983 lawsuit. GLP sued Miller County Juvenile Detention Center (JDC) officials Helen Andrews and Judge Hubert Easley, and JDC supervising guard Barry Nutt, after Nutt sexually assaulted SG while she was a JDC detainee. The district court granted summary judgment to Andrews and Judge Easley on GLP's claims that they violated SG's Eighth Amendment rights by failing properly to train and supervise Nutt.[2]

Having carefully reviewed the record and considered the parties' arguments, we agree with the district court that Andrews and Judge Easley were entitled to qualified immunity on the individual-capacity claims against them. See Janis v. Biesheuvel, 428 F.3d 795, 798-99 (8th Cir. 2005) (standard of review; qualified-immunity analysis); Spruce v. Sargent, 149 F.3d 783, 785 (8th Cir. 1998) (failure-to-protect claim); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (supervisory liability under § 1983). We also agree with the district court that there were no trialworthy issues on the official-capacity claims. See Larkin v. St. Louis Housing Authority Dev'p Corp., 355 F.3d 1114, 1117 (8th Cir. 2004) (discussing elements of failure-to-train claim against local government entity); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998) (suit against county sheriff in his official capacity must be treated as suit against county). Finally, we find no clear abuse of discretion in the district court's denial of GLP's Federal Rule of Civil Procedure 60(b) motion. See U.S.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2]GLP has waived her claim under the Arkansas Civil Rights Act. See Watson v. O'Neill, 365 F.3d 609, 614 n.4 (8th Cir. 2004) (where appellant offered no argument on appeal related to one claim, it was deemed waived). Her Fourth Amendment claim against Nutt was non-suited and is not before us. Finally, we do not consider GLP's newly raised substantive due process arguments. See Cross v. Monett R-I Bd. of Educ., 431 F.3d 606, 611 n.2 (8th Cir. 2005).

<u>Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.</u>, 320 F.3d 809, 815-16 (8th Cir. 2003) (standard of review).

Accordingly, we affirm.

_____